## PALLEZ v. BROOKLYN CITY R. CO.

*(Supreme Court, General Term, Second Department. February 11, 1889.)*

1. HORSE AND STREET RAILROADS—NEGLIGENCE—INJURIES TO PERSONS ON TRACK.
   Plaintiff, in attempting to board one of defendant's street cars, was thrown on the opposite track, where he was injured by a car moving in the opposite direction. The dispute being as to whether at the time plaintiff was thrown on the track the approaching car was far enough away to enable the driver to stop in time, the court charged that, "if the driver took all the measures that an ordinarily prudent and careful man would have taken to prevent the collision," he was free from fault. *Held,* that the court properly refused to give a rule of comparison with drivers of other vehicles on the street.[1]

2. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.
   Where the court had already charged that, "if you find it was negligence on [plaintiff's] part to attempt to board the car under these circumstances, then there is an end of the case," it was not error to refuse a request going no further, except to specify the probable dangers from an approaching car on the opposite track.[1]

Appeal from circuit court, Kings county.

Action by August W. Pallez against the Brooklyn City Railroad Company for damages for personal injuries. Verdict and judgment for plaintiff for $1,000. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Morris & Pearsall,* for appellant. *Charles J. Patterson,* for respondent.

BARNARD, P. J. This case upon this appeal depends upon the finding of fact by the jury that the defendant's driver was negligent in the management of his car. The evidence shows that the plaintiff attempted to board an up car, moving quite fast; that the motion of the car swung him around, and threw him down upon the defendant's track for cars going in an opposite direction. It is at this point the variance arises between the witnesses. The plaintiff's evidence tends to show that, at the time he was thrown on the track in front of a down car, the car which injured him on that track was some 80 feet from him. There was no dispute but that, if such was the fact, it was great negligence for the defendant's driver of that car to keep on until he inflicted the injury on plaintiff, lying helpless on the track. The defendant's witnesses combat this fact, and give evidence tending to show that the plaintiff was thrown immediately in front of the horses at the time of the injury, so that no care or skill could stop the car in time to prevent the injury. The jury have found upon this conflict that the defendant's driver could have stopped the car before he struck the plaintiff, and thus made out an actionable neglect of duty to the plaintiff. The court charged that, "if the driver took all the measures that an ordinarily prudent and careful man would have taken to prevent this collision," he was free from fault. With this rule thus given it was proper to refuse a rule of comparison with drivers "of any other vehicle traveling along the street." The case concerned this driver and car, and his management, under the circumstances under which he was placed. There was likewise no error in refusing to charge the eleventh request. The court had already charged: "If you find it was negligence on his part to attempt to board the car under these circumstances, then there is an end of the case." The eleventh request went no further, except to bring in specifically the probable dangers from an approaching car on the other track. The court had already charged the jury that, if the plaintiff was thrown down so close to the approaching car that the driver could not stop, the plaintiff had no action for his injuries. If the plaintiff was not negligent, and the driver of the coming car ought to have seen him on the track and saved him, the action is made out. The judgment should be affirmed, with costs. All concur.

---

[1] Concerning the liability of horse and street car companies for negligent injuries to passengers, their duties as carriers, and what is negligence on the part of the company and of the passenger, see Franklin v. Railroad Co., 3 N. Y. Supp. 229, and cases cited; McCann v. Railroad Co., Id. 418; Ricketts v. Railway Co., (Ala.) 5 South. Rep. 353.